UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE SIGN, PICTORIAL AND DISPLAY INDUSTRY WELFARE FUND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> PS TRADE SHOW SERVICES, INC., A NEVADA CORPORATION, et al., <br><br> Defendants. | Case No. 22-cv-09137-HSG (AGT) <br><br> **REPORT AND RECOMMENDATION** <br><br> Re: Dkt. No. 28 |

Plaintiffs have moved for default judgment. Judge Gilliam referred the motion to the undersigned for a report and recommendation. That report and recommendation follows.[1]

\* \* \*

1. The undersigned recommends that Judge Gilliam enter default judgment against PS Trade Show Services, Inc. ("PS Tradeshow NV"), a defunct Nevada corporation that is now

---

[1] On a motion for default judgment, the Court accepts the plaintiffs' factual allegations as true. *See Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

operated as an unincorporated proprietorship in Nevada and California. *See* Dkt. 1, Compl. ¶¶ 10–12, 14–17. Plaintiffs have alleged, and offered evidence to support, that PS Tradeshow NV underpaid its contributions to its employees' pension and welfare trust funds and failed to submit to a complete audit. *See id.* ¶¶ 55–65; Dkt. 32-2, Williams Supp. Decl. ¶¶ 3–11. Through this conduct, PS Tradeshow NV breached a collective bargaining agreement and violated ERISA. *See* 29 U.S.C. §§ 1059, 1145. The evidence supports that PS Tradeshow NV owes Plaintiffs, i.e., the trust funds and their trustees, $56,223.51.[2]

The equities favor entering judgment for this amount in favor of Plaintiffs and against PS Tradeshow NV. PS Tradeshow NV didn't answer the complaint, despite being served, *see* dkt. 22; Mot., dkt. 28 at 8–10, making a decision on the merits impossible. *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

2. The undersigned recommends that Judge Gilliam also enter default judgment against Pete Steele. Pete was the President of PS Tradeshow NV and now operates PS Tradeshow NV in "his own name," as an unincorporated proprietorship in Nevada and California. Compl.

---

[2] This total is the sum of the following amounts:

$24,089.01 in unpaid contributions;
$2,408.92 in liquidated damages (for untimely contributions);
$5,683.61 in interest (for untimely contributions);
$8,752.50 in audit costs;
$14,113.24 in attorneys' fees; and
$1,176.23 in costs.

Proposed Judgment, Dkt. 32-3 at 2; *see also* Williams Supp. Decl. ¶¶ 8–11 & Ex. A; Dkt. 28-1, McDonough Decl. ¶ 7 & Exs. 1–2.

These damages are recoverable under ERISA. *See* 29 U.S.C. § 1132(g)(2). Plaintiffs' attorneys' fees are based on reasonable hourly rates (ranging from $190/hour for a senior paralegal up to $600/hour for Of Counsel attorneys with over 40 years of experience) and reasonable hours billed (64.8 hours). *See* Dkt. 28-1, McDonough Decl. ¶¶ 1–8.

¶¶ 12, 16–17, 26. "A sole proprietor is personally liable for the debts of the business." 1 Fletcher Cyclopedia of the Law of Corporations § 23 (2022); *see also Century Sur. Co. v. Polisso*, 139 Cal. App. 4th 922, 943 (2006) ("An individual who owns the assets of a sole proprietorship is personally liable for all debts and responsibilities incurred by the business."). Pete was served with the complaint, by substitute service at his home, *see* dkt. 21; Mot., Dkt. 28 at 12, but failed to answer. Because he is personally liable for PS Tradeshow NV's debts, the judgment entered against PS Tradeshow NV should also be entered against him.

3. The undersigned recommends that Judge Gilliam also enter default judgment against PS Trade Show Services, Inc. ("PS Tradeshow CA"), a California Corporation, on the basis that PS Tradeshow NV and PS Tradeshow CA are alter egos.

In the labor context, the Ninth Circuit utilizes a "two-part alter ego test." *Resilient Floor Covering Pension Fund v. M&M Installation, Inc.*, 630 F.3d 848, 852 (9th Cir. 2010). The test "requires proof (1) that the two firms have 'common ownership, management, operations, and labor relations,' and (2) that the non-union firm is used 'in a sham effort to avoid collective bargaining obligations.'" *Id.* (quoting *UA Loc. 343 v. Nor-Cal Plumbing, Inc.*, 48 F.3d 1465, 1470 (9th Cir. 1994)). Both prongs of the test are satisfied here.

First, PS Tradeshow NV and PS Tradeshow CA plausibly have common ownership, management, operations, and labor relations. Plaintiffs allege that Pete Steele, his wife (Nicole Steele), or both, incorporated PS Tradeshow CA; that PS Tradeshow CA and PS Tradeshow NV use the same name in commercial dealings; that both companies operate in the same industry (they install and remove displays at trade shows and events); and that both companies are operated from the Steeles' residence in California. *See* Compl. ¶¶ 18–20, 40–43. Considered together, these allegations satisfy prong one of the alter-ego test.

Second, PS Tradeshow CA, the non-union firm, was plausibly created in a sham effort to avoid PS Tradeshow NV's collective bargaining obligations. Plaintiffs allege that the Steeles incorporated PS Tradeshow CA after PS Tradeshow NV fell behind on its contributions. *See id.* ¶ 43. Plaintiffs also allege that PS Tradeshow CA was formed for "the express purpose of avoiding the pre-existing Collective Bargaining obligations of PS Tradeshow NV." *Id.* ¶ 20. These allegations satisfy prong two of the alter-ego test.

Because both prongs are satisfied, the undersigned recommends that Judge Gilliam enter default judgment against PS Tradeshow CA, as PS Tradeshow NV's alter ego. PS Tradeshow CA was served with the complaint, *see* dkt. 19; Mot., Dkt. 28 at 8, but failed to answer. Because PS Tradeshow CA is PS Tradeshow NV's alter ego, the judgment entered against the latter should also be entered against the former.

4. The undersigned recommends that Judge Gilliam *not* enter default judgment against Switch On Solutions, Inc. ("Switch On"), a defunct corporation that is now operated by Nicole Steele as an unincorporated proprietorship. *See* Compl. ¶¶ 21–22, 24–25, 27. Plaintiffs contend that Switch On is an alter ego of PS Tradeshow NV, but in this instance, they haven't satisfied prong two of the alter-ego test.

The critical inquiry under prong two is whether a union employer used a non-union employer "in a sham effort to avoid collective bargaining obligations." *Resilient Floor*, 630 F.3d at 852 (simplified); *see also S. California Painters & Allied Trades, Dist. Council No. 36 v. Rodin & Co.*, 558 F.3d 1028, 1032 (9th Cir. 2009) ("The alter ego doctrine is designed to prevent employers from escaping their collective bargaining obligations by shifting work to non-union firms they also own.") (simplified). Here, Switch On and PS Tradeshow NV are *both* union employers. They are signatories to the same collective bargaining agreement. *See* Compl.

¶ 28; Dkt. 28-3, Worth Decl. ¶ 3. As a result, even if the Steeles moved employees from PS Tradeshow NV to Switch On, they would still need to make contributions on those employees' behalf. They could not use Switch On to avoid PS Tradeshow NV's obligations.

PS Tradeshow NV is in arrears on its trust fund contributions. *See* Williams Supp. Decl. ¶¶ 3–8. If Switch On is *also* in arrears, Plaintiffs can pursue legal action against Switch On to recover underpaid contributions. But Plaintiffs cannot hold Switch On liable for PS Tradeshow NV's underpaid contributions, on an alter ego theory, because Switch On isn't a non-union firm used to avoid a union employer's obligations.

5. Lastly, the undersigned recommends that Judge Gilliam *not* enter default judgment against Nicole Steele. Nicole is Pete's wife, and before PS Tradeshow NV lost its corporate status, she represented the company in an official capacity. She signed the collective bargaining agreement between Plaintiffs and PS Tradeshow NV on the latter's behalf. *See* Compl. ¶¶ 28–29. Plaintiffs, however, haven't identified Nicole's role at PS Tradeshow NV now that the company is a sole proprietorship. Plaintiffs allege that Pete Steele "has continued to operate PS Tradeshow NV under his own name," *id.* ¶ 26, but Plaintiffs don't say the same for Nicole Steele. And, critically, for veil-piercing purposes, Plaintiffs don't offer factual allegations to support that Nicole is an owner of PS Tradeshow NV. *See Nor-Cal Plumbing*, 48 F.3d at 1475 (explaining that veil piercing seeks to hold "*shareholders* liable for corporate debts if they abuse the corporate form to defraud creditors") (emphasis added). Nicole, then, cannot be held liable for PS Tradeshow NV's liabilities.

* * *

In summary, the undersigned recommends that Judge Gilliam grant in part and deny in part Plaintiffs' motion for default judgment. The undersigned recommends that Judge Gilliam

5

grant the motion, and enter the proposed judgment, as to PS Tradeshow NV, Pete Steele, and PS Tradeshow CA, but deny the motion, and refrain from entering judgment, as to Switch On and Nicole Steele.

No later than August 16, 2023, Plaintiffs must serve Defendants with a copy of this report and recommendation, by any means reasonably calculated to provide actual notice, and file proof of service. Any party may file objections to this report and recommendation within 14 days of receiving it. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2).

**IT IS SO ORDERED.**

Dated: August 11, 2023

Alex G. Tse
United States Magistrate Judge