UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE SIGN, PICTORIAL AND DISPLAY INDUSTRY WELFARE FUND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>PS TRADE SHOW SERVICES, INC., A NEVADA CORPORATION, et al.,<br><br>Defendants. | Case No. 22-cv-09137-HSG<br><br>**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION REGARDING MOTION FOR DEFAULT JUDGMENT; SETTING CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. Nos. 36, 34, 28 |

Before the Court is Plaintiffs' motion for default Judgment. Dkt. No. 28. The Court referred the matter to a magistrate judge to prepare a report and recommendation on the motion. Dkt. No. 30. The Court has reviewed Magistrate Judge Tse's Report and Recommendation ("Report"), Dkt No. 34, as well as Plaintiffs' objection to the Report, Dkt. No. 36. The Court finds the Report correct, well-reasoned and thorough. Accordingly, the Court OVERRULES Plaintiffs' objections and ADOPTS the Report in every respect.

Plaintiffs raise two objections to the Report. First, Plaintiffs argue that Judge Tse erred by not entering default judgment against Defendant Nicole Steele because he overlooked allegations in the complaint establishing that Ms. Steele had an operating role in PS Tradeshow NV. Dkt. No. 36 at 5. The Court disagrees. Judge Tse concluded that Plaintiffs did not identify Ms. Steele's role at PS Tradeshow NV, and, importantly for veil-piercing purposes, did not present factual allegations supporting an inference that Ms. Steele was an owner of PS Tradeshow NV. See Dkt. No. 34 at 5. Plaintiffs cite paragraph 38 – among other paragraphs – of their complaint as proof that they adequately alleged Ms. Steele was an owner of PS Tradeshow NV. That paragraph reads: "Despite no longer operating under corporate status, Defendants P. Steele and N. Steele have continued to operate PS Tradeshow NV and Switch under their own names and

1  unincorporated proprietorships from at least 2021." Compl. ¶ 38.  But neither paragraph 38 nor

2  any other part of the complaint clearly states that Ms. Steele is an owner of PS Tradeshow.  Judge

3  Tse explained that the complaint unambiguously alleges that "Pete Steele 'has continued to

4  operate PS Tradeshow NV under his own name,'" but does not make that same straightforward

5  allegation as to Ms. Steele.  Dkt. No. 34 at 5 (citing Compl. ¶26).  The Court agrees with Judge

6  Tse's conclusion.

7        Second, Plaintiffs argue that Judge Tse erred by not entering default judgment against

8  Defendant Switch On Solutions, Inc ("Switch On") because no counsel entered an appearance for

9  Switch On despite being served.  Dkt. No. 36 at 7.  This is not a basis to deviate from the Report's

10 recommendation. First, this is not an argument Plaintiffs ever raised before Judge Tse, which in

11 itself is telling.  And second, while Plaintiffs cite cases that suggest that a district court may enter

12 default judgment against a corporation that fails to retain counsel, those cases are factually distinct

13 in that they involved corporate defendants who made an initial appearance with counsel, but failed

14 to "retain counsel for the duration of the litigation."  See *U.S. v. High Country Broadcasting Co.,*

15 *Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993) ("An attorney appeared for High Country in the district

16 court for the limited purpose of filing an answer and cross-complaint. . . [T]he district court

17 ordered High Country to retain counsel for the duration of the litigation. When High Country

18 failed to do so, the district court entered a default judgment against it; this was perfectly

19 appropriate.").  Here, Switch On never made any appearance.  Judge Tse recommended not

20 entering default against Switch On because Plaintiffs failed to demonstrate that Switch On is an

21 alter ego of PS Tradeshow NV, which is the theory Plaintiffs actually raised in the complaint and

22 the motion.  *See* Compl.¶¶ 67–74; Dkt. No. 28 at 10–12.  Plaintiffs do not contend that this

23 conclusion was legally flawed or factually incorrect.  The Court finds no error in Judge Tse's

24 analysis and agrees with his recommendation.

25       In addition to their two objections, Plaintiffs seek "clarification to confirm that the default

26 judgment include[s] a requirement that these three defendants submit to a payroll audit."  Dkt. No.

27 36 at 7.  Plaintiffs' motion for default judgment and their proposed judgment requested that if

28 default judgment is entered, Plaintiffs "may conduct a review and audit of [Defendants'] records."

Dkt. No. 28-5 at 3. Accordingly, Defendants against whom default has been entered against must submit to an audit.

Accordingly, and for the reasons set forth in the Report:

1. The Report and Recommendation is **ADOPTED** in full. Dkt. No. 34.
2. Plaintiffs' objection, filed as a Motion for De Novo Determination, is **DENIED**. Dkt. No. 36.
3. The Motion for Default Judgment is **GRANTED IN PART AND DENIED IN PART**. Dkt. No. 28. The Court GRANTS the motion, and enters the proposed judgment at Dkt. No. 28-5, as to PS Tradeshow NV, Pete Steele, and PS Tradeshow CA, but DENIES the motion, and does not enter judgment, as to Switch On and Nicole Steele.
4. Finally, the Court **SETS** a telephonic case management conference on February 20, 2024 at 2:00 p.m. Plaintiffs and the remaining Defendants against whom default judgment has not been entered are obligated to appear at the case management conference. All counsel shall use the following dial-in information to access the call:

   Dial-In: 888-808-6929;

   Passcode: 6064255

For call clarity, parties shall NOT use speaker phone or earpieces for these calls, and where at all possible, parties shall use landlines. No case management statement is required.

**IT IS SO ORDERED.**

Dated:   2/1/2024

HAYWOOD S. GILLIAM, JR.
United States District Judge